Reed, J.,
delivered the opinion of the court.
Ho error of law is urged as' ground of reversal; the sole *242 contention is that the judgment of the district court is not warranted by the evidence. But one question of fact was to be determined, — -whether Thomas Jefferson Leonard was the son of Edward and Elizabeth Leonard and brother of John Leonard, deceased, George H. Leonard and Mrs. Eggleston, the petitioners, being son and daughter of Thomas. Thomas was alleged by respondents to have been born to Elizabeth out of wedlock long subsequent to the death of her husband, Edward. This claim was so ably urged, as being established by the evidence, that, contrary to the usual practice, this court has not only carefully examined the record, but the immense mass of evidence, mostly depositions, used upon the trial.
■ The case was -first ably and carefully tried to a jury in the county court, and a verdict found for the petitioners. The administrators took an appeal to the district court, where the case was again ably tried, resulting in the affirmance of the verdict of the jury. The learned judge of the district court, in an able opinion, reviews, analyzes and examines the entire evidence and finds that the petitioners, descendants of Thomas Leonard, were entitled to one third of the estate of John Leonard. That the Bonds, descendants of William Leonard, were entitled to one third and Mrs. Mary Church to one third.
We think the finding and decree were warranted by the evidence. The evidence is conflicting to a certain extent, but the evidence in support of the illegitimacy of Thomas Leon'ard is vague, undeterminate and inconclusive, based upon rumor, and dependent upon the memories, guesses and suppositions of extremely old people upon facts that occurred in their youth, and is very unsatisfactory, not sufficient to overcome the legal presumption of legitimacy. Besides, there are facts disclosed in regard to the manner in which it was obtained, which, if not sufficient to cause it to be rejected, are certainly sufficient to cast- doubt and discredit upon it.
The finding of the district court as to the facts submitted *243 and the decree in regard to the distribution of the estate of John Leonard will be affirmed.
The costs of the litigation were, by the decree of the district court, to be taxed against the administrators. It is contended that this was erroneous. The plain inference from the language used is that they are not to be paid out of the estate nor out of any distributive portion of the estate, but by the administrators from their own resources.
If such is the construction, the decree is evidently erroneous. In this proceeding the administrators are to be regarded only in their official capacity as agents and trustees in the distribution of the estate. Their relation to the estate as sons of Mrs. Church is to be ignored and disregarded. They, as administrators, were legally bound to make a proper distribution to those entitled to share. The right of the children of Thomas to share in the estate was challenged by Mary Church. Until the contest was adjusted the administrators could make no settlement or distribution. There is nothing to show that-they precipitated the contest, were responsible for it, or in any way exceeded in their official capacity the strict and honorable limit of their duties. If this view is correct, no reason exists for charging them with costs; the judgment against the administrators must be reversed. Nor should the costs be taxed against the estate as a whole — the Bond family were in no way responsible for it and should not be taxed. The family of Thomas Leonard were, when challenged, compelled to intervene, and, having been successful in establishing their right, no reason can be shown for assessing them with costs. The county court in the distribution of the estate will no doubt assess the costs correctly. The proceeding is purely in equity, and, while the chancellor is allowed great discretion in adjudging costs, such discretion can only be exercised within well defined limits. 2 Dan. Ch. Pl. & Prac. (4th ed.) 1376, 1377. “ Victus vidori in expensis condemnatus est” is the general rule in the court of chancery, as well as at law; it was also a maxim of the civil law. 2 Dan. Ch. Pl. & Prac. (4th ed.) 1381; Vancouver v. Bliss, *244 11 Ves. Jun. 458; Staines v. Morris, 1 Ves. & B. 8; Millington v. Fox, 3 Myl. & Cr. 388; Saunders v. Frost, 5 Pick. (Mass.) 508; Clark v. Reed, 11 Pick. 446; Lee v. Pindle, 12 Gill & J. (Md.) 288; Tomlinson v. Ward, 2 Conn. 396.
We can see nothing in this case to take it out of the general and well settled rule. The decree of the district court in finding the petitioners entitled in the distribution to one third of the estate .of John Leonard will be affirmed. That part of the decree charging the administrators with costs will be reversed. The cause will be remanded to the district court of Boulder county.

Affirmed, except as to costs.